RECEIVED LM
6/29/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JUDGE BLAKEY
MAGISTRATE JUDGE JANTZ
RANDOM

FILED
7/10/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>INDRA ENERGY BUSINESS IL, LLC, PALMCO POWER IL, LLC, PALMCO ADMINISTRATION, LLC, ROBERT PALMESE, CHRISTINA PALMESE, RONALD PALMESE JR, and STEPHEN PALMESE,<br><br>*Defendants*. | Case No. 1:23-CV-04192<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants Indra Energy Business IL, LLC, Palmco Power IL, LLC, Palmco Administration, LLC, Robert Palmese, Christina Palmese, Ronald Palmese Jr, and Stephen Palmese, and alleges based on personal knowledge and information and belief:

### INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.

1

3. This case involves a campaign by Defendants who placed illegal, automated calls, concerning the sale of energy services for home residents.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made. The calls were made for services being provided by Defendants within this district.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant Indra Energy Business IL, LLC, ("Indra Energy") is an Illinois entity, with a principal address of 8751 18 Avenue Brooklyn, NY 11214 and a registered agent of Illinois Corporation Service Company located at 801 Adlai Stevenson Drive Springfield, IL 62703.

9. Defendant Palmco Power IL, LLC ("Palmco Power") is an Illinois entity, with a principal address of 8751 18 Avenue Brooklyn, NY 11214 and a registered agent of Illinois Corporation Service Company located at 801 Adlai Stevenson Drive Springfield, IL 62703.

10. Defendant Palmco Administration, LLC ("Palmco Administration") is a New York entity, with a principal address of 8751 18 Avenue Brooklyn, NY 11214 and a registered agent of the New York Secretary of State.

11. Defendant Robert Palmese is a manager of Indra Energy and Palmco Power and is located at the same address.

12. Defendant Christina Palmese is a manager of Palmco Power and is located at the same address.

13. Defendant Ronald Palmese Jr is a manager of Palmco Power and is located at the same address.

14. Defendant Stephen Palmese is a manager of Palmco Power and is located at the same address.

15. Defendants are each a person as defined by 47 U.S.C. § 153(39).

16. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**STATUTORY BACKGROUND**

17. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

18. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

21. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

22. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal*

3

*Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

24. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## ALLEGATIONS

25. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

26. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

27. Plaintiff is the account holder and customary user of his phone number.

28. Plaintiff was within this district when he received the telephone calls.

29. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

30. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

31. The telephone call alleged in this action was made by Defendants, or an agent acting on their behalf, for the purpose of selling energy services for Plaintiff's home located within this District.

32. Defendants Robert Palmese, Christina Palmese, Ronald Palmese Jr, and Stephen Palmese, as officers of their company(ies), directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the pre-recorded message, and actually authorizing the dialing.

33. Defendants Indra Energy Business IL, LLC, Palmco Power IL, LLC, Palmco Administration, LLC work in concert with one another and are managed by some of the same individuals. They work in concert with one another to sell their energy services. The privacy policy for Indra

Energy, https://www.indraenergy.com/privacy-policy/, includes the name "Palmco Administration, LLC d/b/a Indra Administration."

34. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

35. Defendants have several different corporate entities, and several of them have been sued for TCPA violations, sometimes even multiple times by the same person. *Abramson v. Palmco Energy PA, LLC,* 2:22-CV-00696 (W.D. Pa.), *Tse v. Indra Energy*, 8:21-CV-01337 (D. Md), Gruenert v. Palmco Power IL, LLC, 1:20-CV-01811 (N.D. Ill.)

36. Evidence of the fact that the conduct alleged in this complaint was made knowingly and or willfully includes the Defendants prior litigation experience.

37. **Call 1.** On or about June 26, 2023, at 2:28 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 779-999-9067.

38. The above call was identified as "Indra Energy" on Plaintiff's Caller ID.

39. A search online reveals that other individuals have gotten similar calls to the ones Plaintiff has received from this number. https://www.nomorobo.com/lookup/779-999-9067, https://lookup.robokiller.com/p/779-999-9067, and https://800notes.com/Phone.aspx/1-779-999-9067

40. Plaintiff missed Call 1.

41. **Call 2.** On or about June 27, 2023, at 11:34 AM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 630-242-9092.

42. The above call was identified as "Aiu Online" on Plaintiff's Caller ID.

43. A search online reveals that other individuals have gotten similar calls to the ones Plaintiff has received from this number. https://www.nomorobo.com/lookup/630-242-9092 and https://lookup.robokiller.com/p/630-242-9092.

44. **Call 3.** On or about June 28, 2023, at 11:45 AM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 779-999-9067.

45. The above call was identified as "Indra Energy" on Plaintiff's Caller ID.

46. The call above lasted approximately 11 minutes.

47. When Plaintiff answered Call 3, he was told that it was a call from "Indra Energy" by the representative. The representative provided a call back number of 888-504-6372. The

5

representative, who identified himself as "Bryan" ultimately spoke to Plaintiff in Spanish during the telephone call, and stated several times that he was calling with an automatic dialer.

48. Plaintiff ultimately terminated the call.

49. **Call 4.** On or about June 28, 2023, at 11:56 AM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 630-242-9092.

50. Plaintiff spoke with the same individual that was calling in the prior call.

51. Plaintiff informed the caller, during Call 3 and 4, to the effect of that if he was interested in services, he would contact the Defendants company.

52. **Call 5.** On or about June 28, 2023, at 4:18 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 313-284-9241.

53. The above call was identified as "Aiu Online" on Plaintiff's Caller ID.

54. When Plaintiff answered the above call, he heard a music tone play, and was connected to a female, who was asking for an "Aaron." The female, who identified herself as Diana, stated she was working with Indra Energy. Diana stated, when asked by Plaintiff, that they have been trying to reach Plaintiff for approximately two (2) weeks and that they were using an auto dialer.

55. A search online reveals that other individuals have gotten similar calls to the ones Plaintiff has received from this number. https://lookup.robokiller.com/p/313-284-9241 and https://callfilter.app/13132849241 ("Indra Energy. They are calling me daily. I keep blocking numbers after each call. (live person)")

56. All the telephone calls above were advertising Plaintiff to purchase energy from Indra Energy to save money on his electric bill.

57. The use of an ATDS is evidenced by the admissions by the representative on the phone, along with the use of tones or music playing at the beginning of some of the calls.

58. Plaintiff alleges the telephone calls were made by an Automatic Telephone Dialing System ("ATDS").

59. Plaintiff has never provided his consent to be called or texted to Defendants.

60. The conduct alleged in this action was made willful and knowingly.

61. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

62. Defendants did not have any consent to call Plaintiff.
63. Defendants are not an organization exempt from the TCPA.
64. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.
65. The impersonal and generic nature of Defendants' calls shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) in making the call.
66. The longer than natural pause and the music playing prior to being greeted on the telephone demonstrate that the Defendants were utilizing an ATDS.
67. In total, Defendants' and/or its affiliates placed at least five (5) automated calls to Plaintiff.
68. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.
69. The foregoing acts and omissions were in violation of the TCPA.
70. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.
71. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).
72. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).
73. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
74. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
75. Plaintiff is also entitled to an award of costs.
76. Defendants' calls were not made for "emergency purposes."
77. Defendants' calls to Plaintiff were made without any prior express written consent.

78. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

79. The acts and/or omissions of Defendants' were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

80. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

81. Plaintiff, in discovery will identify additional telephone calls made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying.

82. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

83. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.

84. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

<u>Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)</u>

85. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

86. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least five (5) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

87. Plaintiff was statutorily damaged at least five (5) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.

88. Plaintiff was further statutorily damaged because Defendants' willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $7,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

<u>Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200</u>

89. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

90. By placing at least five (5) telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendants violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

91. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

92. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

93. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

94. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $7,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and severally, in an amount to be more fully determined at trial, but at least $15,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c);

D. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(B);

F. All reasonable attorneys' fees, witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: June 29, 2023
/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582